UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| VS. | ) | CR No. 08-0035 S |
| | ) | |
| ELVIS FORTES | ) | |

---

MOTION TO COMPEL DISCOVERY

Now comes Elvis Fortes, the Defendant in the above captioned matter, and moves this Honorable Court pursuant to Rule 16 of the Federal Rules of Criminal Procedure to compel the government to produce specific items, listed below, already requested. Mr. Fortes also moves for disclosure of this information to the extent that it is exculpatory in nature. As grounds thereto, Mr. Fortes states that the government has not provided these items in discovery that are material and necessary to his defense, they are in the government's possession or control, and not otherwise available to Mr. Fortes. Mr. Fortes seeks the following:

All police reports, documents, or other tangible items regarding the investigation of Francisco "Nitti" Delgado from August, 2007, to the present, including:

1. All reports detailing the connection between Mr. Delgado and 10 Whipple Street, including his status as lessee of the 2nd Flr Left apartment during this period and his utilities contract;
2. All reports detailing the source/basis information that Mr. Delgado maintained a "stash house" at 10 Whipple Street, 2nd Flr Left;
3. All reports detailing the source/basis information of Mr. Delgado's alleged relationship with Mr. Fortes.
4. All reports detailing the surveillance of Mr. Delgado and Mr. Fortes together; and
5. All reports detailing the surveillance of Mr. Delgado at 10 Whipple Street.

Mr. Fortes contends that these items, to the extent that they exist, must be produced by the Government pursuant to Rule 16, the pretrial discovery order, and due process.

Respectfully submitted
Elvis Fortes
By his attorney,

/s/ Kevin J. Fitzgerald, 5775
Assistant Federal Defender
10 Weybosset St., Ste. 300
Providence, RI 02903
(401) 528-4281
FAX 528-4285
kevin_fitzgerald@fd.org

CERTIFICATION

I hereby certify that a copy of this motion was delivered by electronic notification to Sandra Beckner, Assistant United States Attorney, on May 27, 2008.

/s/ Kevin J. Fitzgerald

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| VS. | ) | CR No. 08-0035 S |
| | ) | |
| ELVIS FORTES | ) | |

---

MEMORANDUM IN SUPPORT OF MOTION TO COMPEL DISCOVERY

Mr. Fortes has moved, pursuant to Rule 16 of the Federal Rules of Criminal Procedure and the Court's pretrial order, that the Court order the government to produce certain discoverable items in its possession so that he may adequately prepare his defense in this matter. Mr. Fortes has requested these items both generally and specifically, and is due this discovery as a matter of due process.

I. Facts

The government has alleged that Mr. Fortes trafficked cocaine from the 2nd Flr. Left apartment at 10 Whipple Street, Pawtucket. The government also states in its disclosures that the apartment was known to police as a "stash house" for suspected cocaine trafficker Francisco "Nitti" Delgado. In fact, the police listed Mr. Delgado as an owner/keeper of the premises on the search warrant. At the time of Mr. Fortes's arrest, the apartment was rented to Mr. Delgado and the utilities were in his name. At present, the defense is unaware of Mr. Delgado's status.

II. Argument

Mr. Fortes has requested discovery pursuant to the Court's pretrial order and Rule 16. The government must produce documents, among others, that are material to the defense, that the government might use at trial, and that are exculpatory in nature.[1] *See* Fed. R. Crim P. 16 (2007).

---

[1] Exculpatory evidence here means evidence including information that is favorable to the accused and material to either guilt or innocense, and also including impeachment information. *Moreno-Morales v. United States*, 334 F.3d 140, 145-46 (1st Cir. 2003) (discussing

The items sought here by Mr. Fortes fall into one or more of those categories and the Court must order the government to produce those items.

The criminal rules of procedure provide for the production of items that are material to the preparation of the defense. *See* Fed. R. Crim P. 16(a)(1)(E). Material here means information which relates to and has real importance to the alleged incident. The items now demanded in this motion are material because they contain information comprising the full extent of the allegations. Moreover, they are exculpatory in nature.

The government has responded to defense requests for discovery, but in this instance claims that "no other reports of the defendant and Mr. Delgado" exist. Given the language in the search warrant application this is difficult to accept. The police wrote in the application that they were familiar with the 10 Whipple Street apartment due to a continuing investigation of Mr. Delgado since August, 2007. *See* Search Warrant Affidavit (attached). They claimed in the affidavit that they knew Mr. Delgado was storing significant amounts of cocaine at the apartment for some time based on confidential sources and surveillance. Those reports have not been produced. They are also plainly exculpatory in nature.

III. Conclusion

The Court must grant this motion because the items sought are material, basic, and germane to this case, and must be disclosed pursuant to discovery rules, the Court pre-trial order, and Mr. Fortes's due process rights under the Constitution.

Respectfully submitted
Elvis Fortes
By his attorney,

/s/ Kevin J. Fitzgerald, 5775
Assistant Federal Defender
10 Weybosset St., Ste. 300
Providence, RI 02903
(401) 528-4281
FAX 528-4285
kevin_fitzgerald@fd.org

---

exculpatory evidence under *Brady v. Maryland*, 373 U.S. 83 (1963), *Giles v. Maryland*, 386 U.S. 66 (1967), and *Giglio v. United States*, 405 U.S. 150 (1972)).

CERTIFICATION

I hereby certify that a copy of this motion was delivered by electronic notification to Sandra Beckner, Assistant United States Attorney, on May 27, 2008.

/s/ Kevin J. Fitzgerald