UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| VS. | ) | CR No. 08-0035 S |
| | ) | |
| ELVIS FORTES | ) | |

---

MOTION TO SUPPRESS STATEMENTS

Now comes Elvis Fortes, the Defendant in the above captioned matter, and moves this Honorable Court pursuant to Rule 41 of the Federal Rules of Criminal Procedure to suppress as evidence statements allegedly made by Mr. Fortes to police officers after his arrest on February 12, 2008. As grounds thereto, Mr. Fortes asserts that any statement he made was not voluntary and not a product of his knowing and intelligent waiver of his rights as guaranteed by *Miranda v. Arizona*[1]. Mr. Fortes submits the attached memorandum in support of this request.

Respectfully submitted
Elvis Fortes
By his attorney,

/s/ Kevin J. Fitzgerald, 5775
Assistant Federal Defender
10 Weybosset St., Ste. 300
Providence, RI 02903
(401) 528-4281
FAX 528-4285
kevin_fitzgerald@fd.org

CERTIFICATION

I hereby certify that a copy of this motion was delivered by electronic notification to Sandra Beckner, Assistant United States Attorney, on July 15, 2008.

/s/ Kevin J. Fitzgerald

---

[1] 384 U.S. 436 (1966).

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| VS. | ) | CR No. 08-0035 S |
| | ) | |
| ELVIS FORTES | ) | |

MEMORANDUM IN SUPPORT OF MOTION TO SUPPRESS STATEMENTS

Mr. Fortes has moved this Honorable Court to suppress as evidence statements he allegedly made to police after his arrest on February 12, 2008.

I. Facts

After executing a search warrant at 10 Whipple Street, 2nd Floor, Pawtucket, the Pawtucket Police arrested Mr. Fortes charging him with possession of cocaine for distribution. The police seized approximately 125 grams of cocaine in the apartment. The police seized Mr. Fortes outside on the immediate sidewalk as they initiated their search. They further seized Emanuel Oliveira inside the apartment, and Monica Mendes as she approached the apartment. The police questioned Mr. Oliveira and Ms. Mendes at the apartment. The police took all three to the Pawtucket Police station.

At the station the police decided to question Mr. Fortes. According to their reports, Detectives Slattery and Joseph went to the station cellblock to speak with Mr. Fortes. Mr. Fortes declined to answer questions, saying only that "the other two had nothing to do with nothing", and that "you guys did your job, your (sic) good, I'm all set".[2] The detectives' statements do not specifically identify any other questions or answers from this encounter, nor do they indicate that they informed Mr. Fortes of his *Miranda* rights.

II. Argument

The Pawtucket Police failed to give Mr. Fortes the required *Miranda* warnings before

[2] From Det. John Joseph's Witness Statement, page 2 (attached)

questioning him on February 12, 2008. *Miranda* provides a Constitutional baseline protection for individuals subject to custodial interrogation in that police must advise them of the rights pertaining to counsel and against self-incrimination before questioning. *See United States v. Bezanson-Perkins*, 390 F.3d 34, 39 (1st Cir. 2004) *citing Dickerson v. United States*, 530 U.S. 428, 439-40 (2000); *see also United States v. Fox*, 393 F.3d 52, 57 (1st Cir. 2004). "The *Miranda* safeguards come into play whenever a person in custody is subjected to either express questioning or its functional equivalent." *Rhode Island v. Innis*, 446 U.S. 291, 300 (1980) (police comments which illicit a defendant's statement still subject to *Miranda* protections). The Government must show that the police gave the warnings, and also that the target individual waived his rights voluntarily and did so both knowingly and intelligently prior to any questioning. *See Moran v. Burbine*, 475 U.S. 412, 421 (1986). A suspect voluntarily waives his rights when he does so freely without any coercion, intimidation or deception. *Id*. A knowing and intelligent waiver flows from the individual's understanding and appreciation of his rights and the consequences of the waiver. *Id*. The Court must analyze the waiver based on the totality of the circumstances surrounding the interrogation. *Id*. Here, the police gave no warnings and proceeded with questioning, though they had Mr. Fortes in custody in the cellblock.

The police witness statements provide little in their description of the detectives comments and questions directed at Mr. Fortes. The statements, however, do provide the detectives interpretation of Mr. Fortes comments given in response to their inquiries. The alleged comments about the "other two" and the detectives job performance are included in hopes that a trier of fact could draw a confessional or inculpatory inference. The possibility of that inference is great and therefore presents real and significant prejudice to Mr. Fortes.

Mr. Fortes's comments were not spontaneous. They were made in direct response to police questioning and comments. As such the government must show that Mr. Fortes had waived his Miranda rights prior to the conversation. It appears from the record produced by the government through the discovery process that no Miranda warnings were given by the police, and no waiver was granted by Mr. Fortes.

## III. Conclusion

Absent a valid waiver of his Constitutional rights under Miranda, the government may not

use Mr. Fortes's statements as evidence against him at trial because they were a product of illegal questioning.

Respectfully submitted
Elvis Fortes
By his attorney,

/s/ Kevin J. Fitzgerald, 5775
Assistant Federal Defender
10 Weybosset St., Ste. 300
Providence, RI 02903
(401) 528-4281
FAX 528-4285
kevin_fitzgerald@fd.org

CERTIFICATION

I hereby certify that a copy of this motion was delivered by electronic notification to Sandra Beckner, Assistant United States Attorney, on July 15, 2008.

/s/ Kevin J. Fitzgerald