UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| VS. | ) | CR No. 08-035 S |
| | ) | |
| ELVIS FORTES | ) | |

---

MOTION IN LIMINE

Now comes Elvis Fortes, the Defendant in the above captioned matter, by and through his counsel, and moves this Honorable Court, in limine, pursuant to Rules 401, 402, 801 & 802 of the Federal Rules of Evidence to prohibit the government, including its agents and witnesses, from stating or referring to alleged drug offenses by Mr. Fortes which the Pawtucket Police used to support their request for the search warrant executed in this matter. Mr. Fortes submits the attached memorandum in support of this motion.

Respectfully submitted
Elvis Fortes
By his attorney,

/s/ Kevin J. Fitzgerald, 5775
Assistant Federal Defender
10 Weybosset St., Ste. 300
Providence, RI 02903
(401) 528-4281
FAX 528-4285
kevin_fitzgerald@fd.org

CERTIFICATION

I hereby certify that a copy of this motion was delivered by electronic notification to Sandra Beckner, Assistant United States Attorney, on July 21, 2008.

/s/ Kevin J. Fitzgerald

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| VS. | ) | CR No. 08-035 S |
| | ) | |
| ELVIS FORTES | ) | |

MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION IN LIMINE

I. Facts

The Pawtucket Police executed a search warrant at 10 Whipple Street, 2nd Floor, Pawtucket on February 12, 2008. The objects of the search were cocaine and cocaine trafficking paraphernalia. The targets of the search warrant were Mr. Fortes and Frank Delgado. The police seized Mr. Fortes, an amount of cocaine, and other items pursuant to the search.

In support of the request for the search warrant, The police alleged certain criminal acts by Mr. Fortes. The police implicated Mr. Fortes in three street level cocaine transactions from November, 2007, through February, 2008.[1] Those three incidents are not charged in this indictment, nor are they connected contemporaneously with the offense charged herein.

II. Argument

The rules of evidence do not allow irrelevant information to be presented to the trier of fact. Fed. R. Evid. 402 (2008). Information is not relevant if it fails to "make the existence of any fact that is of consequence to the determination of the action more [] or less probable". Fed. R. Evid. 401 (2008). The three incidents alleged in the search warrant application affidavit do not make the question of Mr. Fortes's guilt in the charged offense more or less likely. The Court should exclude these allegations as irrelevant.

Even if the Court found these allegations remotely relevant, the information presents two

[1]

1. Between November 11 and 14, 2007;
2. Between January 10 and 15, 2008; and
3. Between February 7 and 11, 2008.

additional problems. First, inclusion of, or allusion to, these incidents will only serve to confuse the jury and cloud the issues surrounding the actual charged offense. *See* Fed. R. Evid 403 (2008). This confusion will only prejudice Mr. Fortes, whereas exclusion will not prevent the government from promoting their prosecution of the charged offense.

Second, the alleged incidents involve an unknown confidential informant and the affidavit relies on his statements, actions, and observations.[2] The direct involvement of a confidential informant in a criminal offense raises issues discussed in *Roviaro v. United States*. *See*, 353 U.S. 53, 60-61 (1957) (the government must disclose the identity of informants when they are material witnesses to an alleged criminal act); *see also*, *United States v. Robinson*, 144 F.2d 104, 106-07 (1st Cir. 1998). *See also United States v. Perez*, 299 F.3d 1, 3-4 (1st Cir. 2002) (discussing disclosure in missing witness context at trial). At this point the defense has not sought disclosure of the confidential informant because he was not a witness to the charged offense. Should the Court allow the government to present evidence of these alleged incidents then the defense will move for production of the informant.

## III. Conclusion

For all of these reasons the Court should not allow the government, through its witnesses, to testify about or refer to any alleged offenses by Mr. Fortes as presented in the search warrant application affidavit.

Respectfully submitted
Elvis Fortes
By his attorney,

/s/ Kevin J. Fitzgerald, 5775
Assistant Federal Defender
10 Weybosset St., Ste. 300
Providence, RI 02903
(401) 528-4281 FAX 528-4285
kevin_fitzgerald@fd.org

---

[2] The confidential informant's statements, actions, and observations as presented in the warrant affidavit are necessarily hearsay under the rules of evidence and therefore inadmissible. Fed. R. Evid 801, 802 (2008).

CERTIFICATION

I hereby certify that a copy of this motion was delivered by electronic notification to Sandra Beckner, Assistant United States Attorney, on July 21, 2008.

/s/ Kevin J. Fitzgerald