UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| VS. | ) | CR No. 08-035 S |
| | ) | |
| ELVIS FORTES | ) | |

---

# DEFENDANT'S TRIAL MEMORANDUM

## I. Legal Issues

### A. Defendant's Motion to Suppress

The Court heard testimony last Thursday, August 21, 2008, on Mr. Fortes's motion to suppress statements. The statements at issue were made by Mr. Fortes in the cellblock of the Pawtucket Police station. Detective Joseph read Mr. Fortes his Miranda rights when he was initially detained for a violation involving his dog. Several hours later Detective Joseph and Detective Slattery asked Mr. Fortes if he wanted to provide a statement to police. After responding "no", Detective Slattery informed Mr. Fortes that his cousin and girlfriend would also be charged. Mr. Fortes then said that they had nothing to do with it, that the detectives had done their job, etc. Mr. Fortes only made these statements in response to Detective Slattery's comment about his friends, and Detective Slattery only made the comment to elicit a response from Mr. Fortes. *United States v. Innis* does not allow statements into evidence if given after a defendant has refused to speak and the police officers continue to address the individual in a manner that is questioning or its functional equivalent. 446 U.S. 291, 300 (1980). The Court's ruling is now pending and a copy of this transcript has been ordered.

### B. Defendant's First Motion in Limine

Mr. Fortes moved to exclude testimony regarding his alleged drug transactions from November, 2007, through February, 2008, as detailed in the related search warrant affidavit. The

government agreed to exclude this information from its case in chief.

C. Defendant's Second Motion in Limine

Mr. Fortes moved to exclude testimony regarding his initial encounter with Officers Duhamel and Altongy, wherein Mr. Fortes's dog bit officer Duhamel, to the extent that it represents a bad act or criminal purpose on Mr. Fortes's part. The government has indicated it will present this testimony under Rule 404(b) as a prior bad act. This motion points out that it does not fit into any of the listed legitimate purposes under the rule, it is not factually a prior bad act, and that the government can only present this testimony to perpetuate an insinuation of criminal propensity. If Mr. Fortes did assault the Officers with his dog, as the government alludes, that is a separate and distinct event having no connection to the offenses charged (other than temporal), and no relation to criminal intent of the offenses charged. This motion is pending.

D. Defendant's Third Motion in Limine

During the Mr. Fortes's suppression hearing on August 21, 2008, Detective John Joseph began to testify that other officers witnessed Mr. Fortes conduct a drug transaction on the street just prior to the execution of the search warrant for his apartment. This information has never been disclosed to the defense. The inclusion of this allegation presents a discovery violation. In addition, it is lacking the requisite relevance as to the charged offenses. This motion is pending.

E. Jury Instruction on Mandatory Minimum Sentence

Mr. Fortes requests the Court instruct the jury on the mandatory minimum sentence in this matter. Mr. Fortes is charged with possessing with the intent to distribute more than fifty grams of cocaine base in violation of 21 U.S.C. 841(a)(1) and (b)(1)(A), and, if convicted, faces a mandatory minimum term of imprisonment of ten years with a maximum of life. *Id*. The jury has the right to refuse a conviction based on reasons beyond those conceived by the prosecution and the court in the traditional jury instruction. "[T]he jury has the power to bring in a verdict in the teeth of both law and facts." *Horning v. District of Columbia*, 254 U.S. 135, 138 (1920). Mr. Fortes asserts that it is within the province of the jury to refuse a conviction, and failing to provide the members of the jury

with the information necessary to facilitate such a decision is a violation of his constitutional rights under the Sixth Amendment. *United States v. Booker,* 543 U.S. 220 (2005), changed the landscape of sixth amendment jurisprudence and affirmed the Supreme Court's originalist perspective. Keeping the jury from knowing about the mandated sentencing provisions here is a violation of the Sixth Amendment. "When a jury refuses to convict on the basis of what it thinks is an unjust law as applied, a misconceived prosecution, or an excessive penalty, it is performing exactly its role imposed by the Sixth Amendment." *United States v. Polizzi*, 549 F.Supp. 2d 308, ____, 2008 U.S.Dist. LEXIS 26223 (E.D.N.Y. April 1, 2008).[1] The jury is entitled to know and understand that a guilty verdict in this case condemns Mr. Fortes to at least 10 years in prison.

II. Proposed Voir Dire

Mr. Fortes submits these following areas and questions for the Court's consideration in its voir dire of the jury.

A. On Jurors' Backgrounds

Mr. Fortes requests the Court inquire about the jurors' backgrounds including their marital status, parental status, employment, the employment of their spouse and children, and prior juror service. We also ask the court to ask the following questions:

- Has anyone been a victim of a crime before?
- Has anyone close to you been a victim of a crime before?
- Were satisfied or dissatisfied with the way the police/authorities handled the investigation?
- How were you satisfied?
- How were you dissatisfied?
- Has anyone been accused of a crime before?
- Has anyone close to you been accused of a crime before?
- Were you satisfied or dissatisfied with way the police/authorities handles the case?

---

[1] An instruction to the jury about the mandatory minimum sentence is not the same as an instruction advising the jury about nullification. This is not an argument for the right to have the jury instructed on nullification.

- How were you satisfied?
- How were you dissatisfied?
- Does anyone have a background in chemistry or chemical analysis?
- Does anyone have experience with cocaine? (the use, abuse, treatment, trafficking, law enforcement, etc.)
- Has anyone been called as a witness in court, even for a simple matter such as a divorce?
- Is there anything about that experience that was distasteful?
- Would your experience as a witness make it uncomfortable for you to watch a witness examination as a juror?
- Has anyone served as a juror before?
- Is there anything about that prior service that you intend to apply to your present service if chosen?
- Is there anything about your prior juror service that made you uncomfortable or raised questions in your mind?

B. On the Effect of an Indictment

Mr. Fortes requests the Court to explain what the indictment is, its content, and its purpose.

- Does anyone believe that just because Mr. Fortes is sitting here in the Defendant's chair he must have done something wrong?
- Does everyone understand that an indictment is not evidence?
- Does everyone understand that the fact that the Government obtained an indictment against Mr. Fortes does not mean that he is guilty?
- Does everyone understand that the fact that the Government obtained an indictment is not evidence?

C. On the Presumption of Innocense, Reasonable Doubt, and Deliberation

Mr. Fortes requests the Court to explain the concept of the presumption of innocense, the Government's burden of proof, beyond a reasonable doubt, and the deliberation process.

- Can you as jurors accept Mr. Fortes's presumption of innocense?
- Do you understand that Mr. Fortes does not need to prove anything?
- Do you understand that Mr. Fortes does not need to present any evidence at all?
- That only the Government has a burden of proof in this matter?
- That Mr. Fortes is presumed innocent now, during the trial, and during the deliberations?
- That Mr. Fortes only loses his presumption of innocence if the Government meets its burden and you, the jury, decide that after deliberation?

D. On Mr. Fortes's Testimony

- Do you understand that Mr. Fortes does not need to present any evidence at all?
- That he does not have to testify?
- That you, the jury, cannot draw any negative inference upon Mr. Fortes's case if he chooses not to testify?

E. On Credibility

- Do you understand that you must judge all witnesses credibility equally?
- For example, a police officer's word carries no greater weight than a lay person's testimony.

F. On Law Enforcement

- Does anyone have relatives or close friends who are law enforcement officers?
- Do you ever talk to them about their work?
- If you felt that a police officer in this case either lied or did a bad job in this matter, would you feel concern about discussing that with your friend/relative?
- If you felt that a police officer in this case did an exceptional job in this case would you feel concerned or compelled to discuss that with your friend/relative?
- Does anyone have relatives or friends who are prosecuting attorneys?
- If you felt that the Government did a poor job in this case would you feel concern

about discussing that with your friend/relative?

- If you felt that the Government did a excellent job in this case would you feel concerned or compelled to discuss that with your friend/relative?
- Does anyone give money to police causes?
- Does anyone have any beliefs or feelings about the testimony of so-called expert witnesses?

Respectfully submitted
Elvis Fortes
By his attorney,

/s/ Kevin J. Fitzgerald, 5775

Assistant Federal Defender
10 Weybosset St., Ste. 300
Providence, RI 02903
(401) 528-4281
FAX 528-4285
kevin_fitzgerald@fd.org

CERTIFICATION

I hereby certify that a copy of this motion was delivered by electronic notification to Sandra Beckner, Assistant United States Attorney, on August 26, 2008.

/s/ Kevin J. Fitzgerald