UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| VS. | ) | CR No. 08-035 S |
| | ) | |
| ELVIS FORTES | ) | |

---

SECOND MOTION IN LIMINE

Now comes Elvis Fortes, the Defendant in the above captioned matter, by and through his counsel, and moves this Honorable Court, in limine, pursuant to Rules 401, 402, 403, & 404 (b) of the Federal Rules of Evidence to prohibit the government, including its agents and witnesses, from stating or referring to Mr. Fortes's initial encounter and arrest by the Pawtucket Police on February 12, 2008, to the extent that it includes Mr. Fortes's dog, a pit bull terrier, biting one of the officers. Mr. Fortes submits the attached memorandum in support of this motion.

Respectfully submitted
Elvis Fortes
By his attorney,

/s/ Kevin J. Fitzgerald, 5775
Assistant Federal Defender
10 Weybosset St., Ste. 300
Providence, RI 02903
(401) 528-4281
FAX 528-4285
kevin_fitzgerald@fd.org

CERTIFICATION

I hereby certify that a copy of this motion was delivered by electronic notification to Sandra Beckner, Assistant United States Attorney, on August 26, 2008.

/s/ Kevin J. Fitzgerald

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| VS. | ) | CR No. 08-035 S |
| | ) | |
| ELVIS FORTES | ) | |

---

MEMORANDUM IN SUPPORT OF DEFENDANT'S SECOND MOTION IN LIMINE

The government has given notice that intends to elicit the following testimony at trial:

> "There [] will be testimonial evidence presented that prior to entering the apartment on February 12, 2008, the officers observed the defendant walking his pit bull on Whipple Street. When Pawtucket Police Officers Duhamel and Altongy approached the defendant he began walking hurriedly towards 10 Whipple Street. The defendant then stopped, faced the officers and held them at bay with the pit bull. He ignored commands from the officers to secure his dog. When Officer Duhamel moved into position to block the defendant's path into his house, the defendant released the pit bull, saying "Talk to this". Officer Duhamel was subsequently bitten on the right hand before the dog was subdued by the police officers and eventually secured to the fence by the defendant. When animal control officers arrived, the defendant stated, "There is another dog inside and it is way meaner than that one". He said that both dogs were his and that his cousin, Emmanuel Oliveira, was inside the apartment with the other pit bull."

Government's Notice Pursuant to Fed. R. Evid. 404(b).

The government has charged Mr. Fortes with possession of cocaine base with the intent to distribute on that day, but has not charged him with type of assault or resisting arrest emanating from his encounter with the patrol officers and his dog.

I. Facts

The Pawtucket Police executed a search warrant at 10 Whipple Street, 2nd Floor, Pawtucket

on February 12, 2008. The objects of the search were cocaine and cocaine trafficking paraphernalia. The targets of the search warrant were Mr. Fortes and Frank Delgado. The police seized Mr. Fortes, an amount of cocaine, and other items pursuant to the search. As stated above, however, one of the police officers was bitten by Mr. Fortes's dog during his arrest. The government seeks to imply, or baldly asserts, that Mr. Fortes's attacked the officer by use of the dog. The dog and the arrest have no direct connection to the charge of possessing cocaine for distribution.

## II. Argument

The rules of evidence do not allow irrelevant information to be presented to the trier of fact. Fed. R. Evid. 402 (2008). Information is not relevant if it fails to "make the existence of any fact that is of consequence to the determination of the action more [] or less probable". Fed. R. Evid. 401 (2008). The incidental bite of the officer by Mr. Fortes's dog does not make the question of his guilt in the charged offense more or less likely. The Court should exclude these allegations as irrelevant.

Even if the Court found these allegations remotely relevant, the information the proposed testimony will only serve to confuse the jury and cloud the issues surrounding the actual charged offense. *See* Fed. R. Evid 403 (2008). If the jury believes that Mr. Fortes attacked the officer with his dog, their belief will certainly pervert their analysis of the evidence presented as to the charged offense. This spurious allegation will cause confusion and greatly prejudice Mr. Fortes by showing him in a bad light based on a totally unrelated incident. Exclusion of this information, however, will not prevent the government from promoting their prosecution of the charged offense.

The government intends to present this testimony as evidence of a prior bad act under Rule 404(b). Admission of evidence of a prior bad act under Rule 404(b) is not automatic, but must be probative for some legitimate purpose and must not be substantially more prejudicial than probative. The Court must make this two part determination. *See, e.g., United States v. Trenkler*, 61 F.3d 45, 52 (1st Cir. 1995). The rule itself lists a number of specially relevant legitimate purposes for such evidence, but excludes its use for bare criminal propensity.[1] If the Court finds the proposed

[1] "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or

testimony to be sufficiently related to a legitimate purpose, then the Court must find the proposed testimony to be substantially more probative than prejudicial per Rule 403 in order to be admissible.

Initially, prior to this 404(b) analysis, the Court must decide if this testimony is truly regarding a *prior* bad act. Mr. Fortes interaction with his dog and the officers occurs contemporaneously with the execution of the search warrant, but is not part and parcel of the cocaine possession charges. Factually it does not happen prior to the possession offense. Also lacking is fair basis to call this incident a bad act on Mr. Fortes's part. The government's proposed testimony lacks evidence of Mr. Fortes's intent to assault the officer. Absent his intent the Court is left with a chaotic nighttime arrest of Mr. Fortes during a surprise raid of the apartment which includes a very scared and protective dog. Although the government will say that Mr. Fortes intended the assault by releasing the dog, that argument has to be tempered by lack of predictability of the animal, the fact that Mr. Fortes ultimately got the dog under control for the officers, and Mr. Fortes's warning to the officers going into the apartment about the second dog. Given these facts the government cannot fairly characterize this incident as a prior bad act.

Assuming the Court determines this incident constitutes a bad act, the government does not make clear to which 404(b) legitimate purpose this testimony relates. It cannot be for the purpose of showing criminal propensity, but the information plainly lacks the flavor of any of the listed legitimate purposes. And, once again, a relevance weighing shows the testimony far more prejudicial to Mr. Fortes than helpful to the government.

III. Conclusion

For all of these reasons the Court should not allow the government, through its witnesses, to testify about or refer to Mr. Fortes's initial encounter and arrest by the Pawtucket Police on February 12, 2008, to the extent that it includes Mr. Fortes's dog biting th police officer.

Respectfully submitted
Elvis Fortes
By his attorney,

---

absence of mistake or accident . . . ." Fed. R. Evid., R. 404(b) (2008).

/s/ Kevin J. Fitzgerald, 5775
Assistant Federal Defender
10 Weybosset St., Ste. 300
Providence, RI 02903
(401) 528-4281 FAX 528-4285
kevin_fitzgerald@fd.org

CERTIFICATION

I hereby certify that a copy of this motion was delivered by electronic notification to Sandra Beckner, Assistant United States Attorney, on August 26, 2008.

/s/ Kevin J. Fitzgerald