IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | Cr. No. 08-35S |
| | ) | |
| ELVIS FORTES | ) | |

GOVERNMENT'S PROPOSED INSTRUCTIONS

The United States of America proposes the attached jury instructions in addition to the general instructions.

Respectfully submitted,

UNITED STATES OF AMERICA

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ SANDRA R. BECKNER
SANDRA R. BECKNER
Assistant U. S. Attorney
NY Bar
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
sandra.beckner@usdoj

CERTIFICATE OF SERVICE

I hereby certify that on August 26, 2008, a copy of the within "Government's Proposed Jury Instructions" was filed electronically and is available for viewing and downloading from the ECF system.

Electronic notification:

Mr. Kevin Fitzgerald
Federal Defender's Office
10 Weybosset Street, Suite 300
Providence, Rhode Island 02903

/s/ SANDRA R. BECKNER
SANDRA R. BECKNER
Assistant U. S. Attorney
NY Bar
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
sandra.beckner@usdoj

POSSESSION WITH THE INTENT TO DISTRIBUTE

Defendant is accused of possessing 50 grams or more of cocaine base on or about February 12, 2008 intending to distribute it to someone else. It is against federal law to have cocaine base in your possession with the intention of distributing it to someone else. For you to find defendant guilty of this crime you must be convinced that the government has proven each of these things beyond a reasonable doubt:

First, that defendant on February 12, 2008 possessed 50 grams or more of cocaine base, either actually or constructively;

Second, that he did so with a specific intent to distribute the cocaine base over which he had actual or constructive possession; and,

Third, that he did so knowingly and intentionally.

It is not necessary for you to be convinced that defendant actually delivered the controlled substance to someone else, or that he made any money out of the transaction. It is enough for the government to prove, beyond a reasonable doubt, that he had in his possession what he knew was cocaine base and that he intended to transfer it or some of it to someone else.

A person's intent may be inferred from the surrounding circumstances. Intent to distribute may, for example, be inferred from a quantity of drugs larger than that needed for personal use. In other words, if you find that defendant possessed a quantity of cocaine base—more than that which would be needed for personal use—then you may infer that defendant intended to distribute cocaine base. The law does not require you to draw such an inference, but you may draw it.

The term "possess" means to exercise authority, dominion or control over something.

"Possession" includes both actual and constructive possession. A person who has direct physical control of something on or around his person is then in actual possession of it. A person who is not in actual possession, but who has both the power and the intention to exercise control over something is in constructive possession of it. Whenever I use the term "possession" in these instructions, I mean actual as well as constructive possession.

"Possession" also includes both sole possession and joint possession. If one person alone has actual or constructive possession, possession is sole. If two or more persons share actual or constructive possession, possession is joint. Whenever I have used the word "possession" in these instructions, I mean joint as well as sole possession.

See Pattern Criminal Jury Instructions for the District Courts of the First Circuit, § 4.22.

IMPEACHMENT OF DEFENDANT'S TESTIMONY BY PRIOR CONVICTION

You have heard evidence that defendant was convicted of Robbery in the Third Degree. You may consider that evidence in deciding, as you do with any witness, how much weight to give defendant's testimony. The fact that defendant was previously convicted of another crime does not mean that he committed the crime for which he is now on trial. You must not use that prior conviction as proof of the crime charged in this case.

See Pattern Criminal Jury Instructions for the District Courts of the First Circuit, § 2.04.

CAUTION AS TO COOPERATING WITNESS/ACCOMPLICE

You have heard the testimony of Emanuel Oliveira and Monica Mendes. They provided evidence under agreements with the government.

Some people in this position are entirely truthful when testifying. Still, you should consider the testimony of these individuals with particular caution. They may have had reason to make up stories or exaggerate what others did because they wanted to help themselves.

See Pattern Criminal Jury Instructions for the District Courts of the First Circuit, § 2.07.

STATEMENTS BY DEFENDANT

You have heard evidence that the defendant made a statement in which the government claims he/she admitted certain facts.

It is for you to decide (1) whether the defendant made the statement and (2) if so, how much weight to give it. In making those decisions, you should consider all of the evidence about the statement, including the circumstances under which the statement may have been made and any facts or circumstances tending to corroborate or contradict the version of events described in the statement.

See Pattern Criminal Jury Instructions for the District Courts of the First Circuit, § 2.10.

KNOWINGLY

The word "knowingly," as that term has been used from time to time in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident.

See Pattern Criminal Jury Instructions for the District Courts of the First Circuit,

§ 2.13.