UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| VS. | ) | CR No. 08-035 S |
| | ) | |
| ELVIS FORTES | ) | |

THIRD MOTION IN LIMINE

Now comes Elvis Fortes, the Defendant in the above captioned matter, by and through his counsel, and moves this Honorable Court, in limine, pursuant to Rules 401, 402, 403, 801 & 802 of the Federal Rules of Evidence to prohibit the government, including its agents and witnesses, from stating or referring to an alleged drug offense by Mr. Fortes on February 12, 2008, just prior to the police execution of their search warrant. Mr. Fortes submits the attached memorandum in support of this motion.

Respectfully submitted
Elvis Fortes
By his attorney,

/s/ Kevin J. Fitzgerald, 5775
Assistant Federal Defender
10 Weybosset St., Ste. 300
Providence, RI 02903
(401) 528-4281
FAX 528-4285
kevin_fitzgerald@fd.org

CERTIFICATION

I hereby certify that a copy of this motion was delivered by electronic notification to Sandra Beckner, Assistant United States Attorney, on August 26, 2008.

/s/ Kevin J. Fitzgerald

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| VS. | ) | CR No. 08-035 S |
| | ) | |
| ELVIS FORTES | ) | |

MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION IN LIMINE

## I. Facts

The Pawtucket Police executed a search warrant at 10 Whipple Street, 2nd Floor, Pawtucket on February 12, 2008. The objects of the search were cocaine and cocaine trafficking paraphernalia. The targets of the search warrant were Mr. Fortes and Frank Delgado. The police seized Mr. Fortes, an amount of cocaine, and other items pursuant to the search.

On August 21, 2008, this Court heard testimony relative to Mr. Fortes's motion to suppress statements. Detective John Joseph, the lead officer from the Pawtucket Police, testified for the government.[1] During his direct examination, Detective Joseph began to describe the observations of another officer who indicated that Mr. Fortes engaged in a hand to hand drug transaction just prior to the execution of the search warrant. The defense objected and the Court sustained the objection. Detective Joseph's testimony was the first disclosure of this alleged incident to the defense.

## II. Argument

The rules of evidence do not allow irrelevant information to be presented to the trier of fact. Fed. R. Evid. 402 (2008). Information is not relevant if it fails to "make the existence of any fact that is of consequence to the determination of the action more [] or less probable". Fed. R. Evid. 401 (2008). The alleged incident does not make the question of Mr. Fortes's guilt in the charged offense more or less likely. The Court should exclude these allegations as irrelevant.

Even if the Court found these allegations remotely relevant, the information presents additional problems. First, inclusion of, or allusion to, this incident will only serve to confuse the

[1] The transcript has been ordered by defense counsel.

jury and cloud the issues surrounding the actual charged offense. *See* Fed. R. Evid 403 (2008). This confusion will only prejudice Mr. Fortes, whereas exclusion will not prevent the government from promoting their prosecution of the charged offense.

The further problems are more serious. This alleged incident had been unknown to the defense prior to the hearing and the government has not disclosed any information about it to date. Should the government now seek to insert this allegation into evidence it would be a clear violation of discovery under Rule 16 and the Court's pre-trial order. Also, it is not clear that the police investigated this interaction at all, and therefore Mr. Fortes ability to investigate the allegation for defense purposes are practically nil.

III. Conclusion

For all of these reasons the Court should not allow the government, through its witnesses, to testify about or refer to an alleged drug offense by Mr. Fortes on February 12, 2008, just prior to the police execution of their search warrant.

Respectfully submitted
Elvis Fortes
By his attorney,

/s/ Kevin J. Fitzgerald, 5775
Assistant Federal Defender
10 Weybosset St., Ste. 300
Providence, RI 02903
(401) 528-4281 FAX 528-4285
kevin_fitzgerald@fd.org

CERTIFICATION

I hereby certify that a copy of this motion was delivered by electronic notification to Sandra Beckner, Assistant United States Attorney, on August 26, 2008.

/s/ Kevin J. Fitzgerald