**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **CR. No. 08-0035S** |
| | ) | |
| **ELVIS FORTES** | ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION IN LIMINE**

The defendant has filed two motions in limine seeking to exclude evidence that he left his apartment at 10 Whipple Street immediately prior to the execution of the warrant, had a brief meeting with another individual,[1] and then returned to 10 Whipple Street where he released his pitbull on Officer Duhamel. During and after the defendant released his pitbull on Officer Duhamel, an officer assisting the narcotics detectives with the search warrant, the defendant made several statements about the dogs and the apartment. The government maintains that this evidence is inextricably intertwined with the charged offense, demonstrating the defendant's connection to the apartment and providing circumstantial evidence that he knew about the drugs in his

[1] In his trial brief and motion, the defendant asserted, without specification or explanation, that the government engaged in a discovery violation. The government denies this accusation. The government has allowed the defendant to inspect its entire file, and provided the defense with copies of anything it requested except attorney work product. The government provided all Jencks material, including grand jury material, officer narratives, witness statements, and handwritten notes, months in advance of trial. The government provided the defense with the grand jury transcript of one of the cooperating witnesses, Emanuel Oliveira, and has advised the defendant that Emanuel Oliveira and Monica Mendes will be testifying under an arrangement with the government. The government also provided the defendant with copies of the case agent's notes relating to 10 Whipple Street and the various other locations in which the defendant lived prior to his move to 10 Whipple. The government contends that it has fully satisfied its obligations under the federal rules, the Jencks Act, and federal case law.

apartment and intended to distribute them. To the extent the Court might consider the evidence extrinsic, the government seeks to introduce it pursuant to Fed. R. Evid. 404(b), because the evidence is probative of the defendant's knowledge, motive, and intent to distribute the crack cocaine seized from his apartment.

## I. FACTS

The defendant's motion was filed in response to the testimony of Detective Joseph at the suppression hearing and the government's notice that it would seek to introduce the following evidence:

On February 12, 2008, officers executed a search warrant for the second floor apartment at 10 Whipple Street. Prior to entering the apartment the officers observed the defendant walking his pit bull on Whipple Street. The defendant was observed meeting with someone for a short period of time and returning to 10 Whipple Street. When Pawtucket Police Officers Duhamel and Altongy approached the defendant he began walking hurriedly towards 10 Whipple Street. The defendant then stopped, faced the officers and held them at bay with the pit bull. He ignored commands from the officers to secure his dog. When Officer Duhamel moved into position to block the defendant's path into his house, he released his pit bull, saying "Talk to this." Officer Duhamel was subsequently bitten on the right hand before the dog was subdued by the officers and eventually secured to a fence by the defendant. When Animal Control Officers arrived, the defendant stated, "There is another dog inside and it is way meaner than that one." He said that both dogs were his and that his cousin, Emmanuel

Oliveira, was inside the apartment with the other pit bull.

## II. THE CHALLENGED TESTIMONY IS INTRINSIC TO THE OFFENSE CHARGED.

The government believes the aforementioned evidence is intrinsic to the crime of possession of crack cocaine with the intent to distribute and as such is not governed by Federal Rule of Evidence 404(b). See United States v. Tutiven, 40 F.3d 1, 5 (1st Cir. 1994) (Fed. R. Evid. 404(b) does not bar circumstantial evidence intrinsic to the crime for which the defendant is on trial); United States v. Tejada, 886 F.2d 483, 487 (1st Cir. 1989) ("Where evidence of 'bad acts' is direct proof of crime charged, Rule 404(b) is, of course, inapplicable."). The behavior the defendant seeks to exclude was engaged in by the defendant at the time he possessed the crack cocaine. Walking one's dog[2] and meeting with another individual are not bad acts, nor indicative of bad character. See, e.g., United States v. Capelton, 350 F.3d 231, 244 (1st Cir. 2003) (holding defendant's prior association with drug dealers was not "bad act" within meaning of 404(b)). The testimony is inextricably intertwined with the charged offense possibly providing an explanation as to why the defendant had $1,201 on his person and more benignly, explaining why he was not in the apartment at that time with the drugs. See United States v. Arboleda, 929 F.2d 858, 865-66 (1st Cir. 1991) (officer testimony regarding a prior arrest of the defendant and seizure of money was found to be direct evidence of

[2] The government agrees that the release of the dog is a bad act, but it is the government's position that this act is inextricably intertwined with the offense and as will be explained below, such behavior amounts to an attempt to evade arrest and is evidence of consciousness of guilt.

the conspiracy, tying the defendant to a large amount of cash and corroborating the testimony of other witnesses); United States v. Saunders, 196 Fed.Appx. 873, 875-76 (11th Cir. 2006) (unpublished) (holding evidence is intrinsic when it is "(1) an uncharged offense which arose out of the same transaction or series of transactions, (2) necessary to complete the story of the crime, (3) inextricably intertwined with the evidence regarding the charged offense").

Likewise, the defendant's statements to the officers regarding the pit bulls demonstrate his ownership and use of the 2nd Floor apartment and connect him to the site in which the narcotics were located. Furthermore, his attempts to evade the officers who sought to detain him during the execution of the search warrant demonstrate his consciousness of guilt. Such actions are analogous to flight, which is widely accepted as admissible evidence. See United States v. Wallace, 461 F.3d 15, 25-26 (1st Cir. 2006); United States v. Benedetti, 433 F.3d 111, 116-17 (1st Cir. 2005) ("given an adequate factual predicate… evidence of a criminal defendant's flight is generally thought to be probative of his or her consciousness of guilt"); United States v. Levy-Cordero, 67 F.3d 1002, 1011 (1st Cir. 1995); see also United States v. Vega-Molina, 407 F.3d 511, 530 (1st Cir. 2005) ("Consciousness of guilt evidence is generally admissible in a criminal case.").

## III. THE DEFENDANT'S ACTIONS IMMEDIATELY PRIOR TO HIS ARREST ARE ADMISSIBLE PURSUANT TO FED. R. EVID. 404(b)

If the Court finds the challenged testimony to be extrinsic to the charged offense and to be a bad act, such evidence should nonetheless be admitted pursuant to Fed. R.

Evid. 404(b). The inference that can be drawn from the defendant's brief meeting combined with the fact that $1,201 was seized from his person is that the crack cocaine he had in his kitchen on February 12, 2008 was possessed for distribution and that he had just distributed some of it. The meeting in question was contemporaneous with the charged offense, but even if the Court were to consider it to be a prior bad act, in the First Circuit, evidence of prior narcotics involvement is often admissible pursuant to Fed. R. Evid. 404(b) to prove knowledge and intent in a drug trafficking case. See United States v. Manning, 79 F.3d 212, 217 (1st Cir. 1996) ("[W]hen charges of drug trafficking are involved, this court has often upheld the admission of evidence of prior narcotics involvement to prove knowledge and intent."); United States v. Garcia, 983 F.2d 1160, 1173 (1st Cir. 1993) (admitting evidence of a prior arrest for cocaine dealing in a trial involving a charge of possession with the intent to distribute); United States v. Hadfield, 918 F.2d 987, 995 (1st Cir. 1990) (affirming the district court's decision to admit the defendants' prior drug convictions because such convictions were probative of knowledge, intent and the working relationship between defendants); United States v. Rubio-Estrada, 857 F.2d 845, 848-49 (1st Cir. 1988) (evidence of a prior drug conviction admissible in a trial for possession of cocaine with the intent to distribute). The defendant's brief, arguably lucrative meeting enables a rational jury to rely on its common sense and collective experience to establish a foundational inference that the defendant possessed the crack cocaine with the intent to distribute, because he was in fact distributing it.

The defendant's release of the pitbull is indicative of guilty knowledge. The defendant's actions at the scene show a knowledge of what was in the apartment and his attempt to flee shows a knowledge that his actions were unlawful. In particular, his statements to the officers are probative of his knowledge and familiarity with the apartment. The defendant's behavior towards to the officers executing the search warrant contradicts any claim that he did not know about the cocaine contained within his apartment. Thus, such evidence is admissible pursuant to Fed. R. Evid. 404(b). See Levy- Cordero, 67 F.3d at 1011.

Respectfully submitted,

UNITED STATES OF AMERICA,

By its Attorneys,

ROBERT C. CORRENTE
United States Attorney

/s/ SANDRA R. BECKNER
SANDRA R. BECKNER
Assistant U. S. Attorney
NY Bar
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
sandra.beckner@usdoj

**CERTIFICATE OF SERVICE**

I, the undersigned, do hereby certify that on August 28, 2006, I electronically filed the Government's Response to the Defendant's Motion in Limine and it is available for viewing and downloading from the ECF system.

ECF Notification:

Mr. Kevin Fitzgerald, Esquire
Assistant Federal Public Defender
10 Weybosset Street, Suite 300
Providence, RI 02903
Tel: (401) 528-4281
Edward Roy@fd.org

/s/ SANDRA R. BECKNER
SANDRA R. BECKNER
Assistant U. S. Attorney
NY Bar
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
sandra.beckner@usdoj