UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| VS. | ) | CR No. 08-0035 S |
| | ) | |
| ELVIS FORTES | ) | |

---

MOTION TO PRODUCE EXCULPATORY INFORMATION

Now comes Elvis Fortes, the Defendant in the above captioned matter, and moves this Honorable Court to compel the government to produce the items listed below pursuant to due process. Mr. Fortes moves for disclosure of this information to which is exculpatory in nature as defined under *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny. In addition, Mr. Fortes contends that this information is discoverable under Rule 16 of the Rules of Criminal Procedure. As grounds thereto, Mr. Fortes states that the government has not provided these items which are exculpatory in nature. Mr. Fortes seeks the following.

1. On August 21, 2008, Detective Joseph of the Pawtucket Police Department attempted to testify that another officer observed Mr. Fortes engage in a drug transaction just before he was detained during the execution of the search warrant in this case. The government's position is that this newly disclosed information is part and parcel of the charged offense. Mr. Fortes requests police reports, documents, or other tangible items detailing this incident.

2. The government has indicated that it intends to secure from the State of Rhode Island dismissal of charges pending against Emmanuel Oliveira and Monica Mendes, provided that they cooperate with the government in the prosecution of Mr. Fortes. Mr. Fortes requests all records, correspondence, or evidence of communications between the United States Attorney's Office and the State of Rhode Island regarding the dismissal of charges for Emmanuel Oliveira and Monica Mendes.

3. The government disclosed to the defense on August 27, 2008, that Mr. Oliveira interviewed with AUSA Beckner and Detective Joseph on August 26, 2008, to discuss his participation with and knowledge of Mr. Fortes's alleged drug trafficking. Mr. Fortes requests all documents, reports and notes generated from that meeting; specifically Mr. Oliveira's statement itself.

4. Likewise, Mr. Fortes requests any statements made by Monica Mendes, as well as the notes from her interviews.

5. Mr. Oliveira alleged in his August 26 interview that he performed a drug transaction for Mr. Fortes. Mr. Fortes requests all documents, records or other tangible evidence detailing this alleged incident.

Mr. Fortes contends that these must be produced by the Government as a matter of Constitutional Due Process pursuant to *Brady*.

Respectfully submitted
Elvis Fortes
By his attorney,

/s/ Kevin J. Fitzgerald, 5775
Assistant Federal Defender
10 Weybosset St., Ste. 300
Providence, RI 02903
(401) 528-4281
FAX 528-4285
kevin_fitzgerald@fd.org

CERTIFICATION

I hereby certify that a copy of this motion was delivered by electronic notification to Sandra Beckner, Assistant United States Attorney, on September 4, 2008.

/s/ Kevin J. Fitzgerald

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| VS. | ) | CR No. 08-0035 S |
| | ) | |
| ELVIS FORTES | ) | |

---

## MEMORANDUM IN SUPPORT OF MOTION TO PRODUCE EXCULPATORY INFORMATION

Mr. Fortes has moved for the production of exculpatory. Mr. Fortes has requested these items both generally and specifically, and is due this discovery as a matter of due process.

I. Argument

Mr. Fortes has requested this information pursuant to the Court's pretrial order which requires disclosure of exculpatory material, and Rule 16. The government must produce documents, among others, that are material to the defense, that the government might use at trial, and that are exculpatory in nature.[1] *See Brady v. Maryland*, 373 U.S. 83 (1963), *Giles v. Maryland*, 386 U.S. 66 (1967), and *Giglio v. United States*, 405 U.S. 150 (1972)). *See also* Fed. R. Crim P. 16 (2007). The items sought here by Mr. Fortes fall into one or more of those categories and the Court must order the government to produce those items.

The criminal rules of procedure provide for the production of items that are material to the preparation of the defense. *See* Fed. R. Crim P. 16(a)(1)(E). Material here means information which relates to and has real importance to the alleged incident. The items now demanded in this motion are material because they contain information that is described by the government as inextricably intertwined with the charged offense, information that makes up promises, rewards, and inducements

---

[1] Exculpatory evidence here means evidence including information that is favorable to the accused and material to either guilt or innocense, and also including impeachment information. *Moreno-Morales v. United States*, 334 F.3d 140, 145-46 (1st Cir. 2003) (discussing exculpatory evidence under *Brady v. Maryland*, 373 U.S. 83 (1963), *Giles v. Maryland*, 386 U.S. 66 (1967), and *Giglio v. United States*, 405 U.S. 150 (1972)).

to government witnesses, and also information which is squarely exculpatory within the meaning of *Brady*, *et. al*.

The first request concerns the government's late disclosure of an alleged drug transaction by Mr. Fortes shortly before his arrest. The government asserts that this incident is part of the alleged offense. Despite its position, to date the government has failed to identify the officer who made these observations, failed to describe the actual encounter, failed to state exactly where this meeting took place, and failed to provide any investigation of the meeting at all. Its officer-witness will presumably testify that it appeared to him that Mr. Fortes engaged in a drug transaction. Absent any investigation or evidence, the government must seemingly rely on this officer's expertise to present his interpretation of the meeting. The government is at very least obliged to provide the name and background of this expert witness, as well as a summary of their testimony. Fed. R. Crim. P., R. 16(a)(1)(G). The government has not provided this information, which presents a potential discovery violation if it intends to pursue this presentation.

Further, withholding this information violates due process and the Court's order to disclose exculpatory evidence pursuant to *Brady*. The police made a decision not to pursue the individual who allegedly met with Mr. Fortes. The government baldly accuses that Mr. Fortes received $1200 from this other person. There is no evidence Mr. Fortes received anything from him, but if he did receive the money during this meeting there is no indication as to why he received the money. The lack of investigation is exculpatory in itself. By not investigating the government has precluded and obstructed Mr. Fortes's right to investigate this incident which would likely show he was not dealing drugs at that time. Exculpatory information includes all information, admissible in evidence or not, which could lend itself to the defendant's innocence, lessening the defendant's culpability, or diminishing the possible punishment. *See, e.g., Moreno-Morales v. United States*, 334 F.3d 140, 145-46 (1st Cir. 2003) (discussing exculpatory evidence under *Brady v. Maryland*, 373 U.S. 83 (1963), *Giles v. Maryland*, 386 U.S. 66 (1967), and *Giglio v. United States*, 405 U.S. 150 (1972)). This information plainly falls into this category and the government is obligated to provide this information.

The second request is for the specifics of the promises made to the government's cooperating witnesses, Emmanuel Oliveira and Monica Mendes. Promises, rewards, and inducements present a government manufactured basis for bias on the part of the witness and are therefore exculpatory

in nature.

The government has disclosed its own summary of an August 26, 2008, interview with Emmanuel Oliveira. The request for all notes and reports from this meeting is also exculpatory information. Mr. Oliveira has now made several inconsistent statements to the police and defense counsel regarding his involvement in the charged offense. Additionally, he now tells the government that he sold drugs on an occasion which falls during the government's investigation of Mr. Fortes. Mr. Oliveira's credibility can only be fully tested through examination given his full and accurate statements. Similarly, the defense is only aware of Ms. Mendes's claims of no knowledge or involvement in this offense. If she has subsequently changed her story then her statements are also exculpatory in nature.

The last request also entails exculpatory information. Mr. Oliveira now tells the government that he is involved with drug trafficking. His heightened responsibility corresponds to a lessening of responsibility for Mr. Fortes. Additionally, Mr. Oliveira's admission that he is a drug trafficker diminishes his credibility, providing impeachment material which is also exculpatory under the law.

II. Conclusion

The Court must grant this motion because the items sought are exculpatory and material to this case, and must be disclosed pursuant to discovery rules, the Court pre-trial order, and Mr. Fortes's due process rights under the Constitution.

Respectfully submitted
Elvis Fortes
By his attorney,

/s/ Kevin J. Fitzgerald, 5775
Assistant Federal Defender
10 Weybosset St., Ste. 300
Providence, RI 02903
(401) 528-4281
FAX 528-4285
kevin_fitzgerald@fd.org

CERTIFICATION

I hereby certify that a copy of this motion was delivered by electronic notification to Sandra Beckner, Assistant United States Attorney, on September 4, 2008.

/s/ Kevin J. Fitzgerald