UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| VS. | ) | CR No. 08-035 S |
| | ) | |
| ELVIS FORTES | ) | |

FIFTH MOTION IN LIMINE

Now comes Elvis Fortes, the Defendant in the above captioned matter, by and through his counsel, and moves this Honorable Court, in limine, pursuant to Rules 401, 402, & 403 of the Federal Rules of Evidence to prohibit the government from presenting the testimony of Monica Mendes with the exception of her knowledge as to the seized cocaine which is the object of the charged offense herein. Mr. Fortes submits the attached memorandum in support of this motion.

Respectfully submitted
Elvis Fortes
By his attorney,

/s/ Kevin J. Fitzgerald, 5775
Assistant Federal Defender
10 Weybosset St., Ste. 300
Providence, RI 02903
(401) 528-4281
FAX 528-4285
kevin_fitzgerald@fd.org

CERTIFICATION

I hereby certify that a copy of this motion was delivered by electronic notification to Sandra Beckner, Assistant United States Attorney, on September 10, 2008.

/s/ Kevin J. Fitzgerald

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| VS. | ) | CR No. 08-035 S |
| | ) | |
| ELVIS FORTES | ) | |

MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION IN LIMINE

I. Facts

The Pawtucket Police executed a search warrant at 10 Whipple Street, 2nd Floor, Pawtucket on February 12, 2008. The objects of the search were cocaine and cocaine trafficking paraphernalia. The targets of the search warrant were Mr. Fortes and Frank Delgado. The police seized Mr. Fortes, an amount of cocaine, and other items pursuant to the search.

On August 26 and September 4, 2008, Ms. Mendes met with Detective John Joseph and AUSA Beckner. With regard to the cocaine seized in the search, Ms. Mendes stated that she did not know whose drugs were found in the apartment. She said they were not hers. She did know that a scale, plastic baggies, and baking soda were present in the apartment. She also stated that Mr. Fortes told her over the phone that he wanted to sign a statement indicating that she and Emmanuel Oliveira had nothing to do with the seized cocaine. Separate from the charged offense, Ms. Mendes stated that she knew Mr. Fortes was a drug dealer, she believed he dealt cocaine, that Mr. Fortes received many phone calls, including some in the middle of the night, and that they fought about his drug dealing. The government has not provided any further details regarding Ms. Mendes allegations, nor has it provided any exculpatory information arising from Ms. Mendes statements.

II. Argument

The rules of evidence do not allow irrelevant information to be presented to the trier of fact. Fed. R. Evid. 402 (2008). Information is not relevant if it fails to "make the existence of any fact that is of consequence to the determination of the action more [] or less probable". Fed. R. Evid. 401

(2008). Ms. Mendes's self-serving statements[1] alleging Mr. Fortes to be a drug dealer do not make the question of Mr. Fortes's guilt in the charged offense more or less likely. Conversely, Ms. Mendes's statements asserting a lack of knowledge regarding the seized cocaine demonstrate a far more relevant relationship to the charged offense. Inclusion of, or allusion to, this extraneous information will only serve to confuse the jury and cloud the issues surrounding the actual charged offense. *See* Fed. R. Evid 403 (2008). This confusion will only prejudice Mr. Fortes, whereas exclusion will not prevent the government from promoting their prosecution of the charged offense.

Even if found remotely relevant, the Court should exclude these allegations because the government has failed to disclose this information in either a timely manner or at all.[2] This information is exculpatory on its face because it contradicts Mr. Mendes's initial denials to Police. The government is required to disclose such information[3] in the early stages of the case per the Court's standing orders. Now, due to the government's own speed of prosecution, Mr. Fortes is prevented from investigating these allegations in any meaningful manner.

III. Conclusion

For all of these reasons the Court should not allow the government to present Mr. Mendes's testimony beyond his knowledge of the seized cocaine which is the object of the charged offense.

Respectfully submitted
Elvis Fortes
By his attorney,

---

[1] Ms. Mendes made these statements pursuant to the government's offer to seek dismissal of her charges in State court stemming from the charged incident herein.

[2] Additionally, the government has not designated or disclosed this information as a prior bad act subject to Rule 404(b) of the Federal Rules of Evidence.

[3] Exculpatory information includes all information, admissible in evidence or not, which could lend itself to the defendant's innocence, lessening the defendant's culpability, or diminishing the possible punishment. *See, e.g., Moreno-Morales v. United States*, 334 F.3d 140, 145-46 (1st Cir. 2003) (discussing exculpatory evidence under *Brady v. Maryland*, 373 U.S. 83 (1963), *Giles v. Maryland*, 386 U.S. 66 (1967), and *Giglio v. United States*, 405 U.S. 150 (1972)).

/s/ Kevin J. Fitzgerald, 5775
Assistant Federal Defender
10 Weybosset St., Ste. 300
Providence, RI 02903
(401) 528-4281 FAX 528-4285
kevin_fitzgerald@fd.org

CERTIFICATION

I hereby certify that a copy of this motion was delivered by electronic notification to Sandra Beckner, Assistant United States Attorney, on September 10, 2008.

/s/ Kevin J. Fitzgerald