UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| VS. | ) | CR No. 08-035 S |
| | ) | |
| ELVIS FORTES | ) | |

# DEFENDANT'S PROPOSED JURY INSTRUCTIONS

Now comes Elvis Fortes, the Defendant in the above captioned matter, and presents the following proposal for jury instructions.

## I. The Court's General Instructions

Mr. Fortes has no objection regarding the Court's general jury instructions including, among others, the effect of an indictment, the presumption of innocense, proof beyond a reasonable doubt, and the process of deliberations at this time.

## II. The Government's Proposed Instructions

Mr. Fortes has no objection to the Government's proposed instructions except as follows.

## III. On Possession with Intent to Distribute a Controlled Substance

### 1. Constructive Possession and Mere Presence

The Government may prove possession by showing constructive possession with proof beyond a reasonable doubt. For constructive possession, the Government must show that the individual had knowledge of the item and that the individual had dominion and control over the area in which the item was located. *See United States v. Barnes*, 890 F.2d 545, 549 (1st Cir. 1989) (*citing* myriad cases); *see also, United State v. Lopez*, 944 F.2d 33, 39-40 (1st Cir. 1991). The Government may use direct or circumstantial evidence to show dominion and control over a certain area, but mere

presence or association with the actual possessor is not enough. *Barnes*, 890 F.2d at 549; *see also, generally, United States v. O'Campo*, 964 F.2d 80 (1st Cir. 1992) (holding knowledge of illicit substances and distribution activities alone does not establish a conspiracy, and thus possession). Knowledge of the item, under appropriate circumstances, may be inferred from dominion and control over the area. *Barnes*, 890 F.2d at 549. *But see O'Campo*, 964 F.2d at 82-83.
*See* Pattern Criminal Jury Instructions for the District Courts of the First Circuit, § 4.21.841(a)(1)A (2008) (District Judge Hornby, accessible on District of Maine website, www.med.uscourts.gov).

2. Crack Cocaine is One Form of Cocaine Base

Crack is the street name for one form of cocaine base. Crack, unlike powder cocaine, is a smokable form of cocaine made from mixing cocaine powder with baking soda. *United States v. Edwards*, 397 F.3d 570, 574 (7th Cir. 2005). *See also,* H.R.Rep. No.99-846, 99th Cong., 2d Sess. 4 (Crack is "the street name for cocaine freebase, a preparation of cocaine hydrochloride and sodium bicarbonate [which] can be smoked".) In order to find Mr. Fortes guilty of possessing cocaine base for distribution you must find beyond a reasonable doubt that the cocaine base possessed here was in the form of crack cocaine.[1]

---

[1] *But see United States v. Medina*, 427 F.3d 88, 92 (1st Cir. 2005).

The Circuit Courts of Appeals have split over this issue of whether "cocaine base" under 21 U.S.C. § 841 means crack cocaine, or merely includes crack cocaine.

The Fourth, Seventh, Ninth, Eleventh, and District of Columbia Circuit Courts of Appeals have all held that the enhanced penalties for cocaine base in 21 U.S.C. § 841 are limited to crack cocaine offenses; all other forms of cocaine are treated as cocaine powder for sentencing purposes. *See United States v. Edwards*, 397 F.3d 570 (7th Cir. 2005) (following *United States v. Booker*, 70 F.3d 488 (7th Cir. 1995)); *United States v. Brisbane*, 367 F.3d 910 (D.C. Cir 2004); *United States v. Fisher*, 58 F.3d 96 (4th Cir. 1995); *United States v. Munoz-Realpe*, 21 F.3d 375 (11th Cir. 1994); *and United States v. Shaw*, 936 F.2d 412 (9th Cir. 1991). *See also* United States Sentencing Guidelines § 2D1.1(c)(note D).

The Courts of Appeals for the First, Second, Third, Fifth, and Tenth Circuits have concluded that because 21 U.S.C. § 841 employs the term "cocaine base" and does not define it as limited to crack cocaine, the term applies to all forms of cocaine base, not just crack cocaine. *See United States v. Barbosa*, 271 F.3d 438 (3d Cir. 2001); *United States v. Palacio*, 4 F.3d 150 (2d Cir. 1993) (*following United States v. Jackson*, 968 F.2d 158 (2d Cir. 1992)); *United States v. Butler*, 988 F.2d 537 (5th Cir. 1993); and *United States v. Easter*, 981 F.2d 1549 (10th Cir. 1992);

3. Drug Quantity

If you find Mr. Fortes guilty of possessing cocaine base, you must then find the quantity possessed beyond a reasonable doubt by answering the following questions. The quantity may effect the potential sentence.

How much cocaine base, in total, was involved?

_____ 50 grams at least.

_____ 5 grams at least, but less than 50 grams.

_____ Less than 5 grams, or no specific amount.

*See* Pattern Criminal Jury Instructions for the District Courts of the First Circuit, § 4.21.841(a)(1)A (2008) (District Judge Hornby, accessible on District of Maine website, www.med.uscourts.gov).

4. Mandatory Minimum Sentences

The quantity you find beyond a reasonable doubt may effect the potential sentence. For example, if you find that Mr. Fortes possessed 50 grams of cocaine base or more, then he will face a minimum sentence of 10 years in prison. If you find that Mr. Fortes possessed more than 5 grams, but less than 50 grams of cocaine base, then he will face a minimum sentence of 5 years in prison. If you find that Mr. Fortes possessed less than 5 grams, or no specific amount, of cocaine base, then he does not face a mandatory minimum sentence. *See United States v. Polizzi*, 549 F. Supp. 2d 308 (E.D.N.Y. 2008). *But see, e.g., Shannon v. United States,* 512 U.S. 573 (1994).

IV. Caution as to Cooperating Witness and Accomplice[2]

1. Cautionary Instruction Prior to Testimony

You will now hear the testimony of Emmanuel Oliveira. Mr. Oliveira is testifying here today under an agreement with the government, and did participate in the crime charged against Mr. Fortes.

---

*United States v. Lopez-Gil*, 965 F.2d 1124 (1st Cir. 1992).

[2] These instructions would also apply to the testimony of Monica Mendes.

Some people in this position are entirely truthful when testifying. Still you should consider the testimony of Mr. Oliveira with particular caution. Mr. Oliveira may have reason to make up stories or exaggerate what others did because he wanted to help himself. You must determine whether the testimony of such a witness has been affected by any interest in the outcome of the case, any prejudice for or against the defendant, or by any benefits Mr. Oliveira has received from, or been promised by, the government as a result their arrangement.

*See* Pattern Criminal Jury Instructions for the District Courts of the First Circuit, § 2.08 (2008) (District Judge Hornby, accessible on District of Maine website, www.med.uscourts.gov).

2. Instruction for Deliberation

You have heard the testimony of Emmanuel Oliveira. Mr. Oliveira testified here under an agreement with the government, and did participate in the crime charged against Mr. Fortes. Some people in this position are entirely truthful when testifying. Still you should consider the testimony of Mr. Oliveira with particular caution. Mr. Oliveira may have reason to make up stories or exaggerate what others did because he wanted to help himself. You must determine whether the testimony of such a witness has been affected by any interest in the outcome of the case, any prejudice for or against the defendant, or by any benefits Mr. Oliveira has received from, or been promised by, the government as a result their arrangement.

*See* Pattern Criminal Jury Instructions for the District Courts of the First Circuit, § 2.08 (2008) (District Judge Hornby, accessible on District of Maine website, www.med.uscourts.gov).

V. Expert Witnesses

You have heard testimony from persons described as experts. An expert witness has special knowledge or experience that allows the witness to give an opinion. You may accept or reject such testimony. In weighing the testimony, you should consider the factors that generally bear upon the credibility of a witness as well as the expert witness's education and experience, the soundness of the reasons given for the opinion and all other evidence in the case. Remember that you alone decide how much of a witness's testimony to believe, and how much weight it should be given.

*See* Pattern Criminal Jury Instructions for the District Courts of the First Circuit, § 2.07 (2008)

(District Judge Hornby, accessible on District of Maine website, www.med.uscourts.gov).

Respectfully submitted
Elvis Fortes
By his attorney,

/s/ Kevin J. Fitzgerald, 5775
Assistant Federal Defender
10 Weybosset St., Ste. 300
Providence, RI 02903
(401) 528-4281
FAX 528-4285
kevin_fitzgerald@fd.org

CERTIFICATION

I hereby certify that a copy of this motion was delivered by ECF to Sandra Beckner, Assistant United States Attorney, on September 12, 2008.

/s/ Kevin J. Fitzgerald