UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| VS. | ) | CR No. 08-035 S |
| | ) | |
| ELVIS FORTES | ) | |

SIXTH MOTION IN LIMINE

Now comes Elvis Fortes, the Defendant in the above captioned matter, by and through his counsel, and moves this Honorable Court, in limine, pursuant to Rules 401, 402, & 403 of the Federal Rules of Evidence to prohibit the government from presenting Mr. Fortes's identification card, pre-marked as government's exhibit #14, into evidence. Mr. Fortes submits the attached memorandum in support of this motion.

Respectfully submitted
Elvis Fortes
By his attorney,

/s/ Kevin J. Fitzgerald, 5775
Assistant Federal Defender
10 Weybosset St., Ste. 300
Providence, RI 02903
(401) 528-4281
FAX 528-4285
kevin_fitzgerald@fd.org

CERTIFICATION

I hereby certify that a copy of this motion was delivered by electronic notification to Sandra Beckner, Assistant United States Attorney, on September 12, 2008.

/s/ Kevin J. Fitzgerald

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| VS. | ) | CR No. 08-035 S |
| | ) | |
| ELVIS FORTES | ) | |

MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION IN LIMINE

## I. Facts

The Pawtucket Police executed a search warrant at 10 Whipple Street, 2nd Floor, Pawtucket on February 12, 2008. The objects of the search were cocaine and cocaine trafficking paraphernalia. The targets of the search warrant were Mr. Fortes and Frank Delgado. The police seized Mr. Fortes, an amount of cocaine, and other items pursuant to the search. Particular to this motion, the government asserts that the police seized an identification card, issued by the Rhode Island Department of Corrections to discharged prisoners, belonging to Mr. Fortes. The card lists Mr. Fortes personal information, social security number, and the fact that he was released from prison in November, 2007.

## II. Argument

The rules of evidence do not allow irrelevant information to be presented to the trier of fact. Fed. R. Evid. 402 (2008). Information is not relevant if it fails to "make the existence of any fact that is of consequence to the determination of the action more [] or less probable". Fed. R. Evid. 401 (2008). The government intends to present this ID to connect Mr. Fortes to the apartment. The government, however, can establish his connection to the apartment in myriad other ways. Including, the testimony of the landlord (Cheng Ying), the surveillance of the police officers, and the testimony of Emmanuel Oliveira. Inclusion of this particular evidence only serves to create prejudice towards Mr. Fortes by showing that he was in prison at an earlier time for an unrelated matter. Inclusion of, or allusion to, this extraneous information will confuse the jury and cloud the

issues surrounding the actual charged offense. *See* Fed. R. Evid 403 (2008). Because this evidence is substantially more prejudicial than probative, the Court must exclude the identification card.

## III. Conclusion

For all of these reasons the Court should not allow the government to present the identification card, pre-marked as government's exhibit #14.

Respectfully submitted
Elvis Fortes
By his attorney,

/s/ Kevin J. Fitzgerald, 5775
Assistant Federal Defender
10 Weybosset St., Ste. 300
Providence, RI 02903
(401) 528-4281 FAX 528-4285
kevin_fitzgerald@fd.org

CERTIFICATION

I hereby certify that a copy of this motion was delivered by electronic notification to Sandra Beckner, Assistant United States Attorney, on September 12, 2008.

/s/ Kevin J. Fitzgerald